UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

RAYMOND DELANO PITTS,

               Plaintiff,                    Case No. 2:17-cv-12

v.                                                Honorable Janet T. Neff

JOSEPH BARRETT, et al.,

               Defendants.

_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Yon. The Court will serve the complaint against Defendants Buda, Lehto, Stachowicz, Matter, and Stafford.

**Discussion**

     I.       Factual allegations

Plaintiff Raymond Delano Pitts, a state prisoner currently incarcerated at the Cooper Street Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Joseph Barrett, Steven Buda, Steven Lehto, Jeffrey Stachowicz, Ronald Stafford, Andrew Matter, and Michael Yon. Plaintiff originally filed this case in the United States District Court for the Eastern District of Michigan. On January 18, 2017, the Eastern District dismissed Plaintiff's claims against Defendant Barrett and transferred the remainder of Plaintiff's claims to this Court. All of the remaining Defendants were employed at the Ojibway Correctional Facility (OCF) during the pertinent time period.

In Plaintiff's complaint, he alleges that on March 12, 2015, while he was incarcerated at OCF, he became involved in a fight with another prisoner. Upon the arrival of Defendants Buda, Stachowicz, Matter, and Lehto, Plaintiff stopped fighting and put his hands in the air to show his surrender. Plaintiff was ordered to lie on the ground and Defendant Buda placed his knee in the center of Plaintiff's back. Plaintiff offered his left arm to be cuffed while telling Defendant Buda that he had a plate in his wrist from a previous injury and his left arm did not bend. While cuffing Plaintiff, Defendant Buda squeezed and twisted Plaintiff's wrist and forearm and struck the back of Plaintiff's wrist, breaking Plaintiff forearm. Defendant Buda then exclaimed that Plaintiff's arm bent now. Plaintiff told Defendant Buda that he thought his arm was broken. Defendant Buda responded that maybe Plaintiff would think about that before deciding to fight again.

Defendants Lehto, Stachowicz, Stafford, and Matter were members of the yard crew and it was their duty to provide security in the yard. Defendant Matter did not intervene to prevent

Plaintiff from being harmed by Defendant Buda.  After the incident, Defendant Matter and another officer took Plaintiff to health care, where Plaintiff was seen by RN Jean Riverside, who determined that Plaintiff's left wrist was broken.  Before Plaintiff was placed in a transport van, Defendant Yon told Plaintiff:

> I had to leave my Bar-B-Que because of this shit.  You better be glad that it wasn't one of my officers that got hurt.  If that was the case they'd be taking the "long" way to the hospital and you might not have made it back!  Be careful what you say to the state police, remember you have to live here and we can make it real hard on you, real hard.  Tell them what you want to, but remember, this is the U.P. and we run this shit up here.

See ECF No. 1, PageID.8.

Plaintiff was taken to the hospital by Defendants Stafford and Stachowicz.  After Plaintiff was treated, he was returned to OCF, and was then sent to level five security at the Baraga Correctional Facility.  Plaintiff was served with disciplinary charges on March 13, 2015, and Plaintiff was found guilty on March 24, 2015.  Plaintiff was sentenced to ten days of detention and thirty days loss of privileges, in addition to $304.43.  Plaintiff filed a grievance regarding his misconduct conviction, which was denied at every level.  Plaintiff's three subsequent grievances were all rejected as duplicative by Defendant Yon.

Plaintiff was transferred to the St. Louis Correctional Facility (SRF) and on March 25, 2015, Plaintiff submitted a health care request complaining of extreme pain in his broken left wrist and forearm.  Plaintiff received a response stating that Motrin had been prescribed and that Plaintiff would be called out.  On March 30, 2015, Plaintiff was issued a splint for his wrist, along with two ace wraps.  On June 14, 2015, Plaintiff requested pain medication and was told to watch for a callout.  Plaintiff again requested pain medication on June 25, 2015, and also in July and

August of 2015. However, health services continued to prescribe Plaintiff inadequate medication. Plaintiff claims that he needs surgery and physical therapy to avoid a permanent disability.

Plaintiff claims that Defendants violated his rights under the Eighth and Fourteenth Amendments. Plaintiff seeks compensatory and punitive damages. Plaintiff also seeks declaratory relief.

### II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility

standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that Defendant Yon violated his Fourteenth Amendment due process rights when he rejected three of Plaintiff's grievances as duplicative. Plaintiff has no due process right to file a prison grievance. The courts repeatedly have held that there exists no constitutionally protected due process right to an effective prison grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy,* 30 F. App'x 568, 569-70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (collecting cases). Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Because Plaintiff has no liberty interest in the grievance process, Defendant Yon's conduct did not deprive him of due process. Therefore, Defendant Yon is properly dismissed from this action.

Plaintiff also claims that he was denied appropriate medical care in violation of the Eighth Amendment, as well as under state law, after he was transferred to SRF. However, Plaintiff fails to allege any facts showing that the named Defendants in this case were involved in this alleged denial. Therefore, this claim is properly dismissed.

Finally, Plaintiff claims that his Eighth Amendment rights were violated when Defendant Buda subjected him to excessive force, breaking his wrist, and Defendants Lehto, Stachowicz, Matter, and Stafford failed to protect him from Defendant Buda. The Court concludes Plaintiff's Eighth Amendment claims against Defendants Buda, Lehto, Stachowicz, Matter, and Stafford state a claim and may not be dismissed on initial review.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant Yon will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Buda, Lehto, Stachowicz, Matter, and Stafford.

An Order consistent with this Opinion will be entered.

Dated: March 8, 2017  /s/ Janet T. Neff
Janet T. Neff
United States District Judge