UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND DELANO PITTS,

    Plaintiff,

v.

JOSEPH BARRETT, et al.,

    Defendants.
_____/

Case No. 2:17-cv-12

HON. JANET T. NEFF

## **OPINION AND ORDER**

Plaintiff state prisoner filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging claims based on a wrist injury he sustained during his incarceration. Defendants Steven Buda, Steven Lehto, Jeffrey Stachowicz, and Andrew Mettler filed a motion for summary judgment, on the ground that Plaintiff failed to exhaust his administrative remedies.[1] The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that summary judgment be granted. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. Because Plaintiff has raised a valid objection to the Report and Recommendation, the Court refers this matter back to the Magistrate Judge for further consideration and/or proceedings.

---

[1] Remaining Defendant Ronald Stafford has since also filed a motion for summary judgment, which is not at issue in this Opinion and Order.

## I. Background

The Report and Recommendation sets forth the facts and the applicable legal standards. In short, Plaintiff's complaint seeks recovery related to a broken wrist/forearm he sustained while he was being handcuffed by correction officers after a fight with another prisoner (R&R, ECF No. 38 at PageID.167-168). Plaintiff filed a grievance (OCF-15-05-0230-026A) on May 5, 2015 raising the issues presented in this case; however, at the time Plaintiff did not know the names of each Defendant involved and he mistakenly thought Defendant Lehto, rather than Defendant Buda, caused his broken wrist (*id*. at PageID.173). The grievance was rejected on the merits at Steps I and II (*id*.). Plaintiff appealed the Step II denial to Step III (*id*.). The Step III grievance appeal was rejected as untimely (*id*., citing ECF No. 32-2 at PageID.115).

Because the Michigan Department of Corrections (MDOC) rejected Plaintiff's Step III grievance as untimely, the Magistrate Judge concluded that Plaintiff failed to properly exhaust this grievance and recommended granting Defendants' Motion for Summary Judgment (R&R, ECF No.38 at PageID.174-175). Plaintiff objects, arguing that his Step III grievance was denied in error, and his Step III grievance was, in fact, timely; thus, his grievance should be considered exhausted (Obj., ECF No. 39 at PageID.178).

## II. Analysis

As the Magistrate Judge observed, "[t]he Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due" (R&R, ECF No. 38 at PageID.172, citing MDOC Policy Directive 03.02.130 (effective July 9, 2007) at ¶¶ T, FF). In his Objection, Plaintiff asserts that he received his Step II grievance response on August 24, 2015 and timely mailed a Step III appeal on August 25, 2015, within ten business days (Obj., ECF No. 39 at PageID.178). Plaintiff

asserts that Defendants cannot dispute these dates because the only other possible date Plaintiff mailed out any mail between the dates of 8/18/15 (the date the Step II was returned to Plaintiff) and 9/8/15 (the date the Step III appeal was received) was 9/3/15, as shown by his MDOC Trust Account Statement (*id.*, citing Ex. O, ECF No. 39-1 at PageID.200).

However, contrary to Plaintiff's argument, the record before the Court is inconclusive concerning the dates at issue. Although Plaintiff states in his objection that he received his Step II grievance response on August 24, 2015, in his Step III grievance, Plaintiff indicated that he received the Step II denial on "8/31/15" (ECF No. 39-1 at PageID.199; ECF No. 32-2 at PageID.116). If Plaintiff received the Step II response on 8/31/15, he could not have mailed his Step III appeal on 8/25/15 as he asserts in his objection. Rather, it may be that the Step III appeal was mailed on 9/3/15—the next date he placed outgoing mail according to his MDOC Trust Account Statement noted above. Thus, while the dates and evidence cited by Plaintiff allow for the possibility that his Step III grievance appeal was timely filed, they are not conclusive.

Nonetheless, the Court finds Plaintiff's objection valid to the extent it challenges the Report and Recommendation's determination that his Step III appeal was properly rejected as untimely. Although Defendants argued that Plaintiff failed to file his Step III grievance within the 10 days allowed, the Step III Grievance Appeal Decision offered in support (ECF No. 32-2 at PageID.115), shows only the dates that the Step I was grievance was received (05/05/2015) and the date Plaintiff's Step III appeal was received (09/08/2015), and states that the "business days between" was 126 days (*id.*)—a timeframe immaterial to the timeliness of Plaintiff's Step III appeal. While the MDOC Decision rejects Plaintiff's Step III appeal as being untimely submitted, it fails to state the number of business days that elapsed or the relevant dates. Accordingly, on the record presented, Defendants failed to carry their burden on the affirmative defense that Plaintiff failed

to exhaust his administrative remedies (*see* R&R, ECF No.38 at PageID.169, citing *Jones v. Bock*, 549 U.S. 199, 212-216 (2007)).

In sum, while Plaintiff's evidence does not clearly show that he exhausted his administrative remedies, Defendants' evidence is also unclear regarding how Plaintiff's Step III grievance was determined to be untimely. "[S]ummary judgment in favor of the party with the burden of persuasion 'is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact'" (R&R, ECF No. 38 at PageID.170, citing *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999)). Accordingly, this Court rejects the Magistrate Judge's Report and Recommendation to the extent it recommends that Defendants' motion for summary judgment be granted. The case is remanded to the Magistrate Judge for further consideration and/or proceedings at his discretion. Therefore:

**IT IS HEREBY ORDERED** that the Report and Recommendation (ECF No. 38) is REJECTED as stated herein.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (ECF No. 31) is DENIED without prejudice.

**IT IS FURTHER ORDERED** that this case is referred back to the Magistrate Judge for further consideration and/or proceedings.

Dated: March 27, 2018 /s/ Janet T. Neff
JANET T. NEFF
United States District Judge