UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RAYMOND DELANO PITTS #633348,

    Plaintiff,

v.                                        Case No.  2:17-cv-12
                                                    HON. JANET T. NEFF

JOSEPH BARRETT, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by state prisoner Raymond Delano Pitts pursuant to 42 U.S.C. § 1983.  Plaintiff is confined in the Cooper Street Correctional Facility in Jackson, Michigan.  Plaintiff asserts that his rights were violated by Defendants while he was confined at the Ojibway Correctional Facility (OCF) in Marenisco Township, Michigan.  The current remaining Defendants are Steven Buda, Steven Lehto, Jeffrey Stachowicz, Andrew Mettler, and Ronald Stafford.[1]   Plaintiff filed a motion for leave to file an amended complaint, (ECF No. 50), and has attached a proposed amended complaint.  (ECF No. 50-1).[2]  Defendant Stafford has filed a motion for summary judgment based on the failure to exhaust grievance remedies (ECF No. 44).  Plaintiff indicates, in his motion for leave to amend his complaint, that

---

[1] Plaintiff's original complaint named Defendant Mettler as Defendant Matter.  Plaintiff's proposed amended complaint corrects that error.

[2] Plaintiff previously filed a motion for leave to amend his complaint, which was denied on March 9, 2018. (ECF No. 48).  At that time, Plaintiff was instructed that he could file a new motion for leave to amend his complaint and a new proposed amended complaint that corrected errors in his original complaint, did not assert frivolous causes of action, new claims against new Defendants, or attempt to revive a dismissed Defendant.

he would like to dismiss his claims against Defendants Ronald Stafford and Jeffrey Stachowicz. Additionally, Plaintiff would like to add corrections officer Everette Angeli as a named Defendant.

Leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, "a party must act with due diligence if it intends to take advantage of the Rule's liberality." *United States v. Midwest Suspension and Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995). The court may deny leave to amend a complaint where the amendment is brought in bad faith, will result in undue delay or prejudice to the opposing party, or is futile. *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995), *cert. denied*, 116 S. Ct. 1354 (1996). The court must have knowledge of the substance of the proposed amendment to determine whether "justice so requires" an amendment. *Roskam Baking Co v. Lanham Machinery*, 288 F.3d 895, 906 (6th Cir. 2002).

Plaintiff alleges that on March 12, 2015, he was fighting with another prisoner. Once Defendants arrived, Plaintiff states that he immediately stopped fighting and put his hands in the air. Plaintiff asserts that Defendants Andrew Mettler, Steven Lehto, and Everette Angeli responded to the call that a fight was taking place in the prison yard. Plaintiff alleges that Defendant Lehto deployed his taser, but missed Plaintiff. Plaintiff complains that Defendant Buda broke his left arm when he cuffed Plaintiff's wrist. Defendants Mettler, Lehto, and Angeli failed to intervene to protect Plaintiff from harm.

Under the section of the proposed amended complaint entitled "RELIEF REQUESTED" (ECF No. 50-1, PageID.301), Plaintiff requests relief only against Defendants Buda, Lehto, and Mettler. Plaintiff requests declaratory relief against individuals who are not

named Defendants. Plaintiff has failed to request any relief against proposed new Defendant Everette Angeli.

In the opinion of the undersigned, Plaintiff should be allowed to amend his complaint, and his proposed amended complaint attached at ECF No. 50-1 should be accepted as Plaintiff's First Amended Complaint. Plaintiff asserts that Everette Angeli should be included as a new Defendant. However, Plaintiff does not list Everette Angeli as a party under the section of the complaint entitled "PARTIES" and he has failed to request any relief against Everette Angeli. Therefore, it is recommended that Everette Angeli should not be considered a Defendant and the complaint should not be served on Everette Angeli. In the opinion of the undersigned, Plaintiff's request to voluntarily dismiss Defendants Stachowicz and Stafford should be granted.

Accordingly, it is recommended that the Court GRANT Plaintiff's motion for leave to amend his complaint (ECF No. 50). It is further, recommended that Defendants Stachowicz and Stafford be dismissed from this case and that Defendant Stafford's motion for summary judgment (ECF No. 44) be DENIED AS MOOT.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

                                           /s/ Timothy P. Greeley
                                           TIMOTHY P. GREELEY
                                           UNITED STATES MAGISTRATE JUDGE

Dated:   May 9, 2018