UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RAYMOND DELANO PITTS #633348,

    Plaintiff,

v.

STEVEN BUDA et al.,

    Defendants.
_____/

Case No. 2:17-cv-0012

Hon. Janet T. Neff
U.S. District Judge

## REPORT AND RECOMMENDATION

This is a civil rights action brought by state prisoner Raymond Delano Pitts pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendants Steven Buda, Steven Lehto, and Andrew Mettler violated his Eighth Amendment rights. Defendants have moved for summary judgment pursuant to Fed. R. Civ. P. 56 and argue that they are entitled to qualified immunity. (ECF No. 69.) Plaintiff did not file a response. For the reasons set forth below, the undersigned recommends that the Court grant Defendants' motion.

### Background

On March 12, 2015, Plaintiff was involved in a fight with four other prisoners at the Ojibway Correctional Facility (OCF). Defendant Buda, a lieutenant at OCF, was one of the first officers to respond to the incident. Defendants Lehto and Mettler arrived shortly thereafter. When Defendant Buda arrived on the scene, he ordered Plaintiff to get on the ground. Plaintiff complied. Defendant Buda then proceeded to put Plaintiff in handcuffs. When Defendant Buda attempted to place Plaintiff's right

arm behind his back, Plaintiff resisted. In an attempt to get Plaintiff to stop resisting, Defendant Buda increased the pressure on Plaintiff's left wrist. Defendant Buda then heard a pop in Plaintiff's left wrist and immediately released the pressure on Plaintiff's arm. As a result, Plaintiff suffered an injury to his left wrist or forearm.[1]

## Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Kocak v. Cmty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

---

[1] Because Plaintiff did not file a response brief and there were no medical records filed, the extent of Plaintiff's injury is not clear.

In addition, when a party does not file a response to a summary judgment motion, the motion is not automatically granted. *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996). Instead, the court is required to "intelligently and carefully review the legitimacy of such unresponded-to motion." *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 407 (6th Cir. 1992). However, the court should not "*sua sponte* comb the record from the partisan perspective of an advocate for the non-moving party." *Id.* at 410.

## Analysis

Plaintiff alleges that Defendant Buda's conduct amounted to excessive force in violation of the Eighth Amendment. Plaintiff further alleges that Defendants Lehto and Mettler violated the Eighth Amendment when they failed to intervene and protect Plaintiff from Defendant Buda.

I.  <u>Excessive Force – Defendant Buda</u>

The Eighth Amendment embodies a constitutional limitation on the power of the states to punish those convicted of a crime. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981); *Trop v. Dulles*, 356 U.S. 86, 101 (1958). The Eighth Amendment also prohibits conditions of confinement which, although not physically barbarous, "involve the unnecessary and wanton infliction of pain." *Rhodes*, 452 U.S. at 346. Among unnecessary and wanton infliction of pain are those that are "totally without penological justification." *Id.* "To make out a claim under the Eighth Amendment, an inmate must satisfy both an objective and a subjective component."

*Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (citing *Moore v. Holbrook*, 2 F.3d 697, 700 (6th Cir. 1993)).

"The subjective component focuses on the state of mind of the prison officials." *Id.* In the excessive force context, "the relevant inquiry is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Id.* (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). When determining whether the subjective component is met, courts must consider the following factors: (1) the need for the application of force; (2) the relationship between such need and the force used; (3) the threat reasonably perceived by the prison official; and (4) any efforts undertaken to temper the severity of the response. *Id.* (citing *Hudson*, 503 U.S. at 7).

"The objective component requires the pain inflicted to be 'sufficiently serious.'" *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "This component requires a 'contextual' investigation, one that is 'responsive to contemporary standards of decency.'" *Cordell v. McKinney*, 759 F.3d 573, 580-81 (6th Cir. 2014) (quoting *Hudson*, 503 U.S. at 8). "While the extent of a prisoner's injury may help determine the amount of force used by the prison official, it is not dispositive of whether an Eighth Amendment violation has occurred." *Id.* at 580-81 (citing Wilkins v. Gaddy, 559 U.S. 34, 37 (2010)). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . [w]hether or not significant injury is evident." *Id.* at 581 (quoting *Hudson*, 503 U.S. at 9).

In this case, Plaintiff has not presented any evidence to establish that Defendant Buda acted with the requisite state of mind to meet the subjective component. Instead, the record establishes that Defendant Buda was one of the first officers to respond to a dangerous situation: a prison fight involving five inmates. Some of the inmates were armed with razor blades. Defendant Buda acted quickly to end the fight and attempted to put Plaintiff in handcuffs. When Plaintiff resisted, Defendant Buda applied more pressure to Plaintiff's left wrist, which caused an injury. Although Plaintiff apparently had a metal plate in his left wrist from a prior surgery, Defendant Buda had no knowledge of this prior injury. Notably, in the incident report, Plaintiff conceded he did not think Defendant Buda deliberately caused the injury. (ECF No. 70-7, PageID.430.)

In addition, contrary to the allegations in Plaintiff's complaint, the security video does not show Defendant Buda striking or hitting Plaintiff. In fact, the security video fully supports Defendant Buda's version of events. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). Because Plaintiff failed to show that Defendant Buda used excessive force, the undersigned recommends that the Court dismiss Plaintiff's Eighth Amendment claim against Defendant Buda.

> II.   <u>Failure to Protect – Defendants Lehto and Mettler</u>

Similar to an excessive force claim under the Eighth Amendment, a failure to protect claim under the Eighth Amendment has an objective and a subjective component. *Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001). To satisfy the subjective component, the inmate must allege that (1) "'the official being sued subjectively perceived facts from which to infer a substantial risk to the prisoner,' (2) the official 'did in fact draw the inference,' and (3) the official 'then disregarded that risk.'" *Richko v. Wayne Cnty.*, 819 F.3d 907, 915-16 (6th Cir. 2016) (quoting *Rouster v. City of Saginaw*, 749 F.3d 437, 446 (6th Cir. 2014)). To satisfy the objective component, an inmate must show that he was "incarcerated under conditions posing a substantial risk of serious harm." *Curry*, 249 F.3d at 506 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

Here, Plaintiff has not presented any evidence that Defendant Lehto and Mettler perceived, and then disregarded, any risk of harm. As described above, Defendant Buda did not use excessive force against Plaintiff. In addition, even if Defendant Buda used excessive force, Plaintiff has not shown that Defendants Lehto and Mettler had any ability to prevent the excessive force. The entire incident lasted only a couple of minutes and Defendants Lehto and Mettler were attempting to subdue other prisoners involved in the fight. Accordingly, the undersigned recommends that the Court dismiss Plaintiff's Eighth Amendment claims against Defendants Lehto and Mettler.

### III. <u>Qualified Immunity</u>

Defendants argue that they are entitled to qualified immunity. Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In making a qualified immunity determination, the court must decide whether the facts as alleged or shown make out a constitutional violation or whether the right that was allegedly violated was a clearly established right at the time of the alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). *Id.* at 232. If the court can conclude that either no constitutional violation occurred or that the right was not clearly established, qualified immunity is warranted. The court may consider either approach without regard to sequence. *Id.* As discussed above, the undersigned finds that no constitutional violation occurred; therefore, Defendants are entitled to qualified immunity.

## Recommendation

For the foregoing reasons, the undersigned recommends that the Court grant Defendants' motion for summary judgment (ECF No. 69) and dismiss this case with prejudice.

Should the court adopt the report and recommendation in this case, the court must next decide whether an appeal of this action would be in good faith within the

meaning of 28 U.S.C. § 1915(a)(3). *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997), *overruled on other grounds in LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). For the same reasons that the undersigned recommends granting Defendants' motion for summary judgment, the undersigned discerns no good-faith basis for an appeal. Should the court adopt the report and recommendation and should Plaintiff appeal this decision, the court will assess the $505 appellate filing fee pursuant to § 1915(b)(1), unless Plaintiff is barred from proceeding in forma pauperis, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505 appellate filing fee in one lump sum.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Dated: April 26, 2019

/s/ *Maarten Vermaat*
MAARTEN VERMAAT
U.S. MAGISTRATE JUDGE